UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TINA MARIE LAURIANO, individually and on behalf of all others similarly situated,

                              Plaintiff,

       -against-

LUCKY CHICKEN CORP. and LUCKY CHICKEN GRILL INC., PINDER PAUL and RAJINDER PAUL, as individuals,

                              Defendants.
------------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL REQUESTED**

1. Plaintiff **TINA MARIE LAURIANO**, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiff") by her attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to herself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiff, through undersigned counsel, bring this action against **LUCKY CHICKEN CORP. and LUCKY CHICKEN GRILL INC., PINDER PAUL and RAJINDER PAUL, as individuals,** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at **LUCKY CHICKEN CORP. and LUCKY CHICKEN GRILL INC.,** located at 377 1st Avenue, New York, NY 10010.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

1

5. This Court has supplemental jurisdiction over Plaintiff's other state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES
### *The Plaintiff*

8. Plaintiff TINA MARIE LAURIANO residing at Bronx, NY 10468 was employed by LUCKY CHICKEN CORP. and LUCKY CHICKEN GRILL INC. as a cashier, stocker, and cleaner, located at 377 1st Avenue, New York, NY 10010, from in or around 2010 until November 2022.

### *The Defendants*
### Lucky Chicken Corp. and Lucky Chicken Grill Inc.

9. Defendants LUCKY CHICKEN CORP. and LUCKY CHICKEN GRILL INC., are New York domestic business corporations, organized under the laws of the State of New York with principal executive offices located at 377 1st Avenue, New York, NY 10010.

10. Upon information and belief, LUCKY CHICKEN CORP. and LUCKY CHICKEN GRILL INC. operated at 377 1st Avenue, New York, NY 10010 from in or around 2010 until in or around November 2022.

### PINDER PAUL and RAJINDER PAUL

11. At all relevant times hereto, Defendants PINDER PAUL and RAJINDER PAUL own and operate LUCKY CHICKEN CORP. and LUCKY CHICKEN GRILL INC. from in or around 2011 until in or around November 2022.

12. At all relevant times hereto, Defendants PINDER PAUL and RAJINDER PAUL were agents of LUCKY CHICKEN CORP. and LUCKY CHICKEN GRILL INC.

13. At all relevant times hereto, Defendants PINDER PAUL and RAJINDER PAUL were responsible for overseeing the daily operations of LUCKY CHICKEN CORP. and LUCKY CHICKEN GRILL INC.
14. At all relevant times hereto, PINDER PAUL and RAJINDER PAUL had power and authority over all the final personnel decisions of LUCKY CHICKEN CORP. and LUCKY CHICKEN GRILL INC.
15. At all relevant times hereto, PINDER PAUL and RAJINDER PAUL had the power and authority over all final payroll decisions of LUCKY CHICKEN CORP. and LUCKY CHICKEN GRILL INC., including the Plaintiff.
16. At all relevant times hereto, PINDER PAUL and RAJINDER PAUL had the exclusive final power to hire the employees of LUCKY CHICKEN CORP. and LUCKY CHICKEN GRILL INC., including the Plaintiff.
17. At all relevant times hereto, PINDER PAUL and RAJINDER PAUL had exclusive final power over the firing and terminating of the employees of LUCKY CHICKEN CORP. and LUCKY CHICKEN GRILL INC., including Plaintiff.
18. At all relevant times hereto, PINDER PAUL and RAJINDER PAUL were responsible for determining, establishing, and paying the wages of all employees of LUCKY CHICKEN CORP. and LUCKY CHICKEN GRILL INC., including the Plaintiff, setting their work schedules, and maintaining all their employment records of the business.
19. Accordingly, at all relevant times hereto, Defendants PINDER PAUL and RAJINDER PAUL were Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.
20. At all times relevant hereto, Defendants acted as a single employer in general and a joint employer with respect to Plaintiff, as Defendants held out Plaintiff as employee of both LUCKY CHICKEN CORP. and LUCKY CHICKEN GRILL INC.
21. Both Corporate entities employed the same employees, including Plaintiff, performed work on the same job sites, and were both responsible for issuing Plaintiff her wages.
22. The Corporate entities functioned as a single integrated enterprise during Plaintiff's employment by Defendants.

23. At all times relevant to the allegations contained in the complaint, Corporate Defendants were, and are, enterprises engaged in interstate commerce within the meaning of the FLSA in that LUCKY CHICKEN CORP. and LUCKY CHICKEN GRILL INC., (i) have purchased goods, tools, and supplies for its businesses through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

## RELEVANT STATUTORY PERIOD

24. Under the FLSA and NYLL, Plaintiff's federal and state law claims are subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. This Complaint was filed in October 2023. As such, the relevant statutory period for Plaintiff's claims asserted herein encompasses the entirety of the period spanning October 2017 through present ("relevant statutory period.").

## FACTUAL ALLEGATIONS

25. Plaintiff TINA MARIE LAURIANO was employed by LUCKY CHICKEN CORP. and LUCKY CHICKEN GRILL INC. as a cashier, stocker, and cleaner while performing related miscellaneous duties for the Defendants, from in or around 2010 until in or around November 2022.
26. During the relevant statutory period, Plaintiff TINA MARIE LAURIANO regularly worked six (6) days per week.
27. During the relevant statutory period, Plaintiff TINA MARIE LAURIANO regularly worked a schedule of shifts beginning at approximately 11:00 a.m. each workday and regularly ending at approximately 10:00 p.m., or later, six (6) days per week.
28. Thus, Plaintiff TINA MARIE LAURIANO was regularly required to work approximately sixty-six (66) hours or more hours per week from in or around October 2017 until in or around November 2022.

29. During the relevant statutory period, Plaintiff TINA MARIE LAURIANO was paid by Defendants:
    i. a flat hourly rate of approximately $12.50 per hour for all hours worked from in or around October 2017 until in or around December 2020; and
    ii. a flat hourly rate of approximately $13.50 per hour for all hours from in or around January 2021 until in or around November 2022.
30. Defendants failed to pay Plaintiff TINA MARIE LAURIANO the legally prescribed minimum wage for all her hours worked from in or around January 2018 until November 2022, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.
31. Although Plaintiff TINA MARIE LAURIANO worked approximately sixty-six (66) hours or more hours per week from in or around October 2017 until in or around November 2022, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.
32. Furthermore, Plaintiff TINA MARIE LAURIANO worked in excess of ten (10) hours or more hours per day approximately six (6) days per week from in or around October 2017 until in or around November 2022, however, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.
33. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.
34. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of her hire or at any time during her employment in violation of the NYLL.
35. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.
36. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy her compensation problems, lack of

knowledge about the rates of pay she was receiving and/or should have receiving for her regular hours and overtime hours, terms, and conditions of her pay, and furthermore, an inability to identify her hourly rate of pay to ascertain whether she was being properly paid in compliance with the FLSA and NYLL – which she was not.

37. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate her hours worked, and proper rates of pay, and determine if she was being paid time-and-a-half for her overtime hours as required by the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiff brings this action on behalf of herself, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

39. Collective Class: All persons who are or have been employed by the Defendants as cashiers, stockers, cleaners, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

40. Upon information and belief, Defendants employed approximately 10 to 20 or more employees within the relevant time period who were subjected to similar payment structures.

41. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

42. Defendants' unlawful conduct has been widespread, repeated, and consistent.

43. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.

44. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

45. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.
46. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
47. The claims of Plaintiff are typical of the claims of the putative class.
48. Plaintiff and her counsel will fairly and adequately protect the interests of the putative class.
49. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

**Overtime Wages Under The Fair Labor Standards Act**

50. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
51. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.
52. At all times relevant to this action, Plaintiff was engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.
53. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
54. Defendants willfully failed to pay Plaintiff's overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

55. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiff.

56. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

57. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

58. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

59. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

60. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid overtime wages and an amount equal to her unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

61. Plaintiff re-alleges and incorporates by reference all allegations contained in all preceding paragraphs.

62. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL §§2 and 651.

63. At all times relevant to this action, Defendants were employers within the meaning of the NYLL.

64. Defendants failed to pay Plaintiff's wages for hours worked in violation of New York Labor Law Article 6.

65. Defendants failed to credit or compensate Plaintiff the applicable minimum hourly wage for all hours worked, in violation of the New York Minimum Wage Act, specifically NYLL §652.

66. Defendants failed to pay Plaintiff the required minimum wage, which Plaintiff was entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

67. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid minimum wages and an amount equal to her unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FOURTH CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor Law

68. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

69. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4

70. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants her unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

## FIFTH CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

71. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

72. Defendants failed to provide Plaintiff with wage statements, upon each payment of her wages, as required by NYLL §195(3).

73. Defendants are liable to Plaintiff in the amount of $5,000.00, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

74. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
75. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiffs' primary language), of her rate of pay, regular pay day, and such other information as required by NYLL §195(1).
76. Defendants are liable to Plaintiff in the amount of $5,000.00, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations.
b. Awarding Plaintiff's unpaid minimum wages;
c. Awarding Plaintiff's unpaid overtime wages;
d. Awarding Plaintiff's spread of hours compensation;
e. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
f. Awarding Plaintiffs prejudgment and post-judgment interest;
g. Awarding Plaintiffs, the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all questions of fact raised by the complaint.

Dated:  October 13, 2023
       Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TINA MARIE LAURIANO, individually and on behalf of all others similarly situated,

                Plaintiff,

    -against-

LUCKY CHICKEN CORP. and LUCKY CHICKEN GRILL INC., PINDER PAUL and RAJINDER PAUL, as individuals,

                Defendants,

## COLLECTIVE ACTION COMPLAINT

*Jury Trial Demanded*

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for the Plaintiff*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

To:

*Service via Secretary of State:*
**LUCKY CHICKEN GRILL INC. (NYDOS ID# 5663783)**
377 1st Avenue, New York, NY 10010
**LUCKY CHICKEN CORP. (NYDOS ID# 4481044)**
377 1st Avenue, New York, NY 10010


Via personal service:
**PINDER PAUL**
2153 7th Street, Apt 1st, East Elmhurst, NY 11370
**RAJINDER PAUL**
2153 7th Street, Apt 1st, East Elmhurst, NY 11370